IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**MARILYN NELSON LADNER**                                                              **PLAINTIFF**

v.                                                            CAUSE NO. 1:23cv155-LG-RPM

**HANCOCK COUNTY**
**SCHOOL DISTRICT**                                                                    **DEFENDANT**

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS

**BEFORE THE COURT** is the [4] Motion to Dismiss filed by Hancock County School District ("HCSD") in this employment discrimination case filed by Plaintiff Marilyn Nelson Ladner. The parties have fully briefed the Motion. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that Ladner timely filed this lawsuit, and the statute of limitations does not mandate dismissal. In its discretion, the Court further finds that Ladner's brief delay in serving process does not warrant dismissal with prejudice pursuant to Fed. R. Civ. P. 4(m). HCSD's Motion to Dismiss is therefore denied.

## BACKGROUND

Plaintiff Marilyn Nelson Ladner, a teacher formerly employed by HCSD, filed a claim of disability discrimination with the Equal Employment Opportunity Commission ("EEOC") and received notice of her right to file a lawsuit on March 23, 2023. (Compl., Ex. A, ECF No. 1-1; Pl.'s Am. Resp. at 2, ECF No. 7). On June 21, 2023, Ladner filed this lawsuit asserting a claim for intentional infliction of

1

emotional distress, a claim for violation of the Americans with Disabilities Act ("ADA"), and a claim for "violation of the anti-discrimination education act." (Compl. at 6-9, ECF No. 1). Ladner served HCSD with process on September 21, 2023. HCSD now seeks dismissal on the basis that Ladner failed to timely serve HCSD with process and the statute of limitations expired while the lawsuit was still pending.

## DISCUSSION

### I. WHETHER LADNER'S LAWSUIT WAS FILED WITHIN NINETY DAYS OF RECEIPT OF NOTICE OF HER RIGHT TO SUE

"A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003). ADA claims are governed by a statute of limitations that requires a plaintiff to bring her lawsuit within ninety days of receipt of a right to sue letter from the EEOC. 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-5(3)(A)(f)(1). Courts strictly construe this requirement to file a lawsuit within the ninety-day limitation period. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002).

The parties do not dispute that Ladner received notice of her right to sue on March 23, 2023, and she filed this lawsuit on June 21, 2023. Ladner and HCSD also appear to agree that the following statement by the Fifth Circuit means that the date on which Ladner received notice of her right to sue should be counted when calculating the ninety-day period: "[T]he 90-day period of limitation established by 42 U.S.C. § 2000e–5(f)(1) begins to run on the date that the EEOC right-to-sue

letter is delivered to the offices of formally designated counsel or to the claimant." *Ringgold v. Nat'l Maint. Corp.*, 796 F.2d 769, 770 (5th Cir. 1986).[1] However, the parties misconstrue the holding in the *Ringgold* case, which cited decisions holding that delivery to a claimant's attorney constitutes service on the claimant, thus starting the ninety-day period. *See, e.g., Josiah-Faeduwor v. Commc'ns Satellite Corp.*, 785 F.2d 344, 347 (D.C. Cir. 1986) (attorney's receipt constituted notice of right to sue); *Jones v. Madison Servs. Corp.*, 744 F.2d 1309, 1313-14 (7th Cir. 1984) (explaining when an attorney's receipt of notice of right to sue starts the running of the ninety-day period); *Harper v. Burgess*, 701 F.2d 29, 30 (4th Cir. 1983) (notice to a claimant's attorney constitutes notice to the claimant of right to sue). This is further demonstrated by the *Ringgold* court's calculation of the ninety-day period as well as the Fifth Circuit's calculation in other cases, including *Taylor v. Books A Million, Inc.* The Fifth Circuit did not include the date of receipt in its calculations in either of these cases. *See Taylor*, 296 F.3d at 380 (claimant received notice on October 6, 2000, so January 4, 2001 was the deadline for filing a lawsuit); *Ringgold*, 796 F.2d at 770 (holding that the ninety-day period expired on January 4, 1984, where notice was delivered to the attorney's office on October 6, 1983).

Since Ladner received notice of her right to sue on March 23, 2023, she was required to file her lawsuit on or before June 21, 2023, which was the date on which

---

[1] Counsel for HCAD made this assertion for the first time in its reply. Counsel for Ladner asserted that the date of receipt should be counted, but his calculation of the ninety-day period did not appear to include the date of receipt.

she filed this lawsuit. As a result, Ladner timely filed her lawsuit within ninety days of receipt of notice of her right to sue HCSD.

## II. WHETHER UNTIMELY SERVICE OF PROCESS CAUSED THE STATUTE OF LIMITATIONS TO RUN

Citing *Frasca v. United States*, 921 F.2d 450, 451 (2d Cir. 1990), HCSD asks the Court to hold that Ladner's untimely service of process caused the ninety-day statute of limitations to begin to run once again. In *Frasca*, "[t]he question presented [was] whether the filing of a complaint in the district court tolls the applicable statute of limitations period beyond the expiration of the 120-day period provided by Fed. R. Civ. P. 4(j), until an order of dismissal is entered." 921 F.2d at 451. The court concluded "that the filing of a complaint does not toll the applicable statute of limitations beyond the 120-day period for service provided by Rule 4(j) . . . ." *Id.* It found that Rule 4(j) mandated dismissal because *Frasca* did not demonstrate good cause for failing to timely serve process. *Id.* at 453.

Fed. R. Civ. P. 4 has been amended since the *Frasca* decision. The deadline for serving process, as well as guidelines for determining whether an extension should be granted and whether a district court should dismiss an action for failure to serve process, was moved from subsection 4(j) to subsection (m). While the former Rule 4(j) required courts to dismiss an action when a plaintiff failed to timely serve process unless the plaintiff demonstrated good cause for the delay, Rule 4(m) "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of

-4-

this subdivision even if there is no good cause shown." Fed. R. Civ. P. 4(m) advisory committee's note (1993).[2] "Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." *Id.* Other district courts have rejected the *Frasca* decision for this reason. *See Beauvoir v. U.S. Secret Serv.*, 234 F.R.D. 55, 58 (E.D.N.Y. 2006) (rejecting the holding in *Frasca* due to the amendment of Rule 4); *Padilla v. Walgreen Hastings Co.*, No. CIV 08-1110 JB/CEG, 2009 WL 2951025, at *3 (D.N.M. Aug. 11, 2009) ("The Court does not believe the length of a statute of limitations created by a state legislature or by Congress should impact the operation of a Court rule designed to be generally applicable to federal civil cases. Consistent application of the rule appears to be the more prudent approach."); *Campbell v. Angela Hospice Home Health Care, Inc.*, No. 06-CV-15513, 2007 WL 4571456, at *5 (E.D. Mich. Dec. 27, 2007) (refusing to adopt "a bright line rule that the running of a statute of limitations automatically resumes at the conclusion of the 120-day period set out in Fed. R. Civ. P. 4(m)").

The Ninth Circuit has also taken a different approach from that of the Second Circuit in the *Frasca* decision. In *Mann v. American Airlines*, the court held:

> On its face, Rule 4(m) does not tie the hands of the district court after the 120-day period has expired. Rather, Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint after that 120-day period. The district court's discretion is not diminished when the statute of limitations would bar re-filing of the suit if the

---

[2] Rule 4(m) was amended in 2015 to reduce "the presumptive time for service" from 120 days to 90 days in an attempt to "reduce delay at the beginning of litigation." Fed. R. Civ. P. 4(m) advisory committee note (2015).

> district court decided to dismiss the case instead of grant [sic] an extension. To the contrary, the advisory committee notes explicitly contemplate that a district court might use its discretion to grant an extension in that very situation: "Relief may be justified, for example, if the applicable statute of limitations would bar the re-filed action."

324 F.3d 1088, 1090-91 (9th Cir. 2003) (quoting Fed. R. Civ. P. 4(m) advisory committee note (1993)). As a result, the Ninth Circuit concluded, "[T]he failure to serve process within Rule 4(m)'s 120-day period does not affect the tolling of the statute of limitations unless the failure to serve process causes the district court to dismiss the action." *Id.* at 1091.

Even prior to the 1993 amendment of Fed. R. Civ. P. 4, the Eleventh Circuit rejected a district court's determination that Title VII's statute of limitations, section 2000e–5(f)(1), "is only provisionally satisfied by filing a complaint within the ninety-day statute of limitations." *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1315 (11th Cir. 1990). The court held that the plaintiff "fully satisfied section 2000e–5(f)(1) by filing a complaint within the ninety-day period" because:

> [42 U.S.C. § 2000e–5(f)(1)] contains no provision regarding service of process; it requires only that a civil action be "brought" within ninety days after the plaintiff receives notice of his right to sue. In fact, the Supreme Court has defined "bringing" an action for purposes of Title VII as "commencing" an action for purposes of Fed. R. Civ. P. 3. *See Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 149-50, 104 S. Ct. 1723, 1724-25, 80 L. Ed. 2d 196 (1984). Rule 3 states that "[a] civil action is commenced by filing a *complaint* with the court." (Emphasis added.) Service of process is not required to commence an action under Rule 3 and therefore is not required to bring an action under Title VII.

*Id.* at 1315-16. The court did not reach the separate issue of whether dismissal was mandated by the former Rule 4(j). *Id.* at 1316.

Finally, the Fifth Circuit has held that a district court erred in refusing to exercise its Rule 4(m) discretion to grant a plaintiff additional time for service where the applicable statute of limitation likely bars future litigation. *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325-36 (5th Cir. 2008). Because dismissal with prejudice is "an extreme sanction" that deprives a litigant of the opportunity to pursue his claim, "dismissal with prejudice is warranted only where a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *Id.* at 326 (internal quotation marks omitted). Although the Fifth Circuit has not directly addressed the issue of whether the failure to timely serve process can cause expiration of the statute of limitations while a lawsuit is pending, the *Millan* decision indicates that it would likely refuse to dismiss a case solely on that basis.

The Court finds that Ladner's failure to timely serve process within Rule 4(m)'s 90-day period does not affect the tolling of the statute of limitations unless this lawsuit is dismissed. *See Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) ("If a Title VII complaint is timely filed pursuant to an EEOC right-to-sue letter and *is later dismissed*, the timely filing of the complaint does not toll the ninety-day limitations period.") (emphasis added). As a result, HCSD's Motion should only be granted if dismissal is warranted under Rule 4(m).

## III. WHETHER LADNER'S UNTIMELY SERVICE OF PROCESS WARRANTS DISMISSAL

HCSD seeks dismissal with prejudice pursuant to Federal Rule of Civil Procedure 4(m) and 12(b)(5). Rule 12(b)(5) permits dismissal for insufficient or untimely service of process, while Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

To establish good cause, a plaintiff "must show more than inadvertence, mistake or ignorance of the rules." *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990). "Proof of good cause requires 'at least as much as would be required to show excusable neglect . . . .'" *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013) (quoting *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985)).

Ladner filed this lawsuit on June 21, 2023, so she was required to serve HCSD on September 19, 2023. *See* Fed. R. Civ. P. 4(m); Fed. R. Civ. P. 6(a)(1). She served HCSD one day later, on September 20, 2023. Counsel for Ladner did not provide a reason for the one-day delay, but instead asserts that HCSD was timely served with process. As a result, Ladner has failed to demonstrate good cause for the untimely service of process.

Nevertheless, as explained above, the court has discretionary power to extend the time for service even if a plaintiff lacks good cause. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). "A discretionary extension may be warranted, 'for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.'" *Millan*, 546 F.3d at 325 (quoting Fed. R. Civ. P. 4(m) advisory committee's note (1993)). Dismissal of Ladner's case would, in effect, constitute a dismissal with prejudice due to the expiration of the statute of limitations. *See Berry*, 975 F.2d at 1191. In order to dismiss a case pursuant to Fed. R. Civ. P. 4(m) with prejudice, the delay must be characterized by significant periods of total inactivity. *Thrasher v. City of Amarillo*, 709 F.3d 509, 513 (5th Cir. 2013). "Because dismissal with prejudice is an extreme sanction that deprives a litigant of the opportunity to pursue his claim, it is warranted only where a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *Thrasher*, 709 F.3d at 512-13. The Fifth Circuit generally has affirmed dismissals with prejudice when it has "found at least one of three aggravating factors: (1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Millan*, 546 F.3d at 326.

In an attempt to demonstrate prejudice, HCSD argues:

> If Ladner's claims continue, HCSD is denied the protections of both the 90-day statute of limitations of 42 U.S.C.A. § 2000e-5(f)(1) and the 90-day service window of Rule 4(m) and therefore suffers prejudice. . . . Like the statute of limitations itself, the 90-day service period gives the defending party an end date. HCSD's end date was September 20, 2023, the day the statute of limitations expired.

(Def.'s Mem. at 4, ECF No. 5). However, there is no showing of prejudice such as the loss of evidence or witness testimony. And there is no suggestion of intentional delay. Ladner's Complaint was timely filed, and service of process one day beyond the "end date" is insufficient to justify the extreme remedy of dismissal with prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [4] Motion to Dismiss filed by Hancock County School District is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 11th day of December, 2023.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE